*198 MEMORANDUM BY THE COTJRT
This case was before the Auditor for the State and Other Departments and afterwards before the comptroller, on appeal. The claim was disallowed in both instances. While the claim is beyond doubt an equitable one, we find no legal way for the rendition of judgment. Section 87 of the act of January 12, 1895, 28 Stat. 622, provides: “All printing, binding, and blank books * * * for the executive and judicial departments shall be done at the Government Printing Office, except in cases otherwise provided by law.” This statute, taken in connection with section 2 of the act of June 30, 1906, 34 Stat. 697, 762, clearly imports a positive inhibition against an executive officer going outside the Government Printing Office for supplies such as are here involved. The comptroller has for a long time and without exception disallowed claims of a similar nature, and Ave are unable to discover in the record any fact or circumstance which makes of' this case an exception. Where a statute in express language circumscribes the authority and power of an officer of the Government and expressly directs the manner of secui'ing supplies of the character here furnished, we are not, in the absence of borne precedent to that effect, authorized in holding the United States liable for a contract made in direct opposition to existing law.
The cases cited in the very able brief of plaintiff’s counsel do not meet the issue. If an officer of the Government is positively forbidden to enter into a contract, and in addition to this is mandatorily directed to act in a certain way under prescribed conditions, he may not disregard the mandate of the law and obligate the United States in so doing. His authority to act is derived from the statute.
The petition is dismissed.